PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. SANTIAGO VÁZQUEZ, Defendant and Appellant.

No. 3687.   Argued November 21, 1929.—Decided December 10, 1929.

*R. Muñoz Ramos,* for appellant.   *R. A. Gómez,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In a prosecution for rape against Santiago Vázquez a jury in the District Court of San Juan found the accused guilty, and the court sentenced him to five years in the penitentiary at hard labor. The present appeal has been taken from that judgment.

The appellant assigns several errors. The first refers to the overruling of the demurrer based on the ground that the information does not state facts sufficient to constitute the crime of rape charged.

Let us examine the text of the information:

"The District Attorney charges Santiago Vázquez with the crime of rape (felony), committed in the following manner:

"The aforesaid accused Santiago Vázquez, on or about August 23, 1926, and in Naranjito, P. R., which is a part of the Judicial District of San Juan, P. R., by force and against her will and overcoming her resistance, had sexual intercourse with a woman known by the name of Josefa Rivera, who then and there was not his wife.

"This fact is contrary to the law for such case provided and to the peace and dignity of The People of Porto Rico."

Appellant urges that the information fails to state that the act was committed by the accused "wilfully, maliciously and criminally." It is unnecessary to use any such set formula or words in a case in which it is alleged that the accused by force and against the will and over the resistance of the prosecutrix had sexual intercourse with her, and that the prosecutrix was not the accused's wife. The elements constituting the offense are set forth in that information. In this connection, the prosecution cites *People* v. *Miranda,* 30 P.R.R. 452, in which the doctrine is made quite clear.

The second error assigned is that the court held proved or corroborated the testimony of the prosecutrix.

We have failed to find in the record a copy of the instructions given to the jury and we are unable to determine whether the judge made any reference to the corroboration of the testimony of the prosecutrix. If there are cases where corroboration is circumstantial, it is surely in the majority of rape cases.

The prosecution introduced evidence which showed that Josefa Rivera, another woman and some people were traveling from Naranjito to Bayamón in a hired automobile on the night of August 23, 1926; that they met on the road two automobiles traveling in the opposite direction, and that one of these was placed across the road barring the way; that in the latter car there were several persons, among them the accused Santiago Vázquez; that these individuals attacked those who were traveling with Josefa Rivera, fought with them and took the prosecutrix and her companion out of the automobile in a violent manner, and carried them away in their own car; that (according to the testimony of the prosecutrix) they took the two women into a cane field, and had sexual intercourse with the women, against their will, using force and threats; that one of these men, Santiago Vázquez, by force and against her will had sexual intercourse with Josefa Rivera; that the women when coming out on the highway had complained to some of the witnesses that the said men had assaulted and raped them. One witness stated that he had heard the screams of a woman, coming from the place where, according to the prosecutrix, she had been carried by the men, and where she stated she was raped by the accused. It was established that there was no marital relation between the accused and the prosecutrix.

Of course, the sexual act was not witnessed by a third person. It would be an exceptional case in which direct evidence could be produced to prove such fact. Here the jury had to decide from circumstantial evidence and they

did. As to the corroboration, the fact that the prosecutrix, when coming out on the highway and meeting some persons, complained to them of having been raped by the accused and others, was considered sufficient by the jury. It has not been shown that Josefa Rivera had communicated with any other people before meeting the persons to whom she complained of the attack perpetrated upon her.

In our decision in *People* v. *Arenas,* 39 P.R.R. 14, we cited the case of *People* v. *Calventy,* 34 P.R.R. 375, and confirmed our interpretation of the doctrine of *res gestae.* It is unnecessary to reproduce here the text of those decisions. Suffice it to say that we have held that there can be no definite and fixed limit of time, and that each case must depend upon its own circumstances. We adhere to the views set forth in said decisions and the cases cited therein (*Hunter* v. *State,* 40 N.J.L. 536, *Cox* v. *State,* 64 Ga. 374).

As regards the extent of the corroboration, the decisions cited by the *Fiscal* of this court (*People* v. *De Jesús,* 18 P.R.R. 575, and others) in his brief are sufficient. It is unnecessary to corroborate each and every point of the testimony, but it is enough to corroborate such details as are sufficient to connect the accused with the offense charged. The corroboration in the case at bar is sufficient for that purpose.

The third error assigned is that the court permitted the witness Sierra to be interrogated as to "whom did the women mention as the persons who had assaulted and raped them," and admitted his answer that the women told him that they were Herrán, Galán and the accused.

Since the statement of the prosecutrix, made to Sierra when she met him shortly after the occurrence and without her having previously communicated with anybody, is part of the *res gestae,* the question could be asked and the answer admitted in the manner shown by the record. In this connection reference is made to the decision in *People* v. *Arenas,* 39 P.R.R. 14. In accordance with the doctrine laid down in

that case, the assignment under consideration can not be sustained.

The fourth assignment of error reads as follows:

"The court erred in holding that there was sufficient evidence to convict the accused."

Reference has already been made to the evidence in the case at bar. In our opinion such evidence would be properly regarded in any case as sufficient to move an unprejudiced mind to convict the accused. In the case herein it is sufficient to support the verdict of the jury, which appears to be free from passion, bias, or prejudice.

For the foregoing reasons the judgment appealed from must be affirmed.